UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 08-21829-CIV-COOKE/BANDSTRA

MARTHA SMITH,

  Plaintiff,

vs.

MAYRA'S ALF #3, INC.
JULIANA CHALA

  Defendants

_____/

## DFENDANT'S MOTION FOR SUMMARY JUDGMENT

  Defendants, MAYRA'S ALF #3, INC AND JULIANA CHALA (hereinafter "Defendants"), by and through their undersigned counsel, and pursuant to Federal Rules of Civil Procedure 56 file this Motion for Summary Judgment and in support thereof state:

## BACKGROUND

  The Plaintiff, MARTHA SMITH (hereinafter "Plaintiff"), has filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). The Complaint sets forth one substantive count pursuant to the FLSA for alleged overtime and minimum wage violations. Plaintiff seeks double damages and attorneys fees. (*See generally, Plaintiff's Complaint* [D.E. 1].)

  Mayra's ALF #3 is a small, individual-owned assisted living facility in Miami, Florida that has not grossed more than $500,000 per year. Additionally, Plaintiff allegedly worked as a companion/attendant for Defendants, and as such, was never directly engaged in the movement or production of goods across state lines. As set forth below, these two facts require the

conclusion that subject matter jurisdiction does not exist in this case.

## ARGUMENT AND MEMORANDUM OF LAW

### I. THE LEGAL STANDARDS FOR GRANTING A MOTION FOR SUMMARY JUDGMENT

#### A. Standard for Establishing Subject Matter Jurisdiction

It is settled that "the party invoking the Court's jurisdiction, bears the burden of demonstrating that this matter falls within the Court's jurisdiction." *Makro Capital of Am., Inc. v. UBS AG,* 436 F. Supp. 2d 1342, 1345 (S.D. Fla. 2006); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002) (holding that "the burden is on the plaintiff to prove that jurisdiction exists").

#### B. Legal Standard for Summary Judgment

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). This burden may be met by "showing" or "pointing out" to the Court that there are no genuine issues of material fact. *Jeffrey v. Sarasota White Sox, Inc.,* 64 F.3d 590, 593 (11th Cir. 1995) (*per curiam*) (quoting *Celotex,* 447 U.S. at 325). Once the initial burden is met, the non-moving party must go beyond the pleadings and "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); *see also Celotex,* 477 U.S. at 324. In so doing, the non-moving party "must do more than simply

show that there is some metaphysical doubt as to the material facts." *Id.* at 586. Instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson,* 477 U.S. at 252; *see also Walker v. Darby,* 911 F.2d 1573, 1577 (11th Cir. 1990).

When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the non-moving party. *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir. 1998) (citations omitted). The Court must then decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson,* 477 U.S. at 251-52).

## II.   STATEMENT OF MATERIAL UNDISPUTED FACTS

The Statement of Undisputed Material Facts (cited hereinafter as "Facts ¶ ___") has been set forth herein. The tax returns, which show that the corporate Defendant's gross revenue for the past three calendar years it was owned by the Defendant, which encompasses the time period in which the Plaintiff seeks overtime and minimum wage from the Defendants, was consistently under $500,000.00. The tax returns for Mayra's ALF #3, Inc., submitted in Plaintiff is response to her Request for Production are attached hereto as Exhibit "A."

The corporate Defendant is an assisted living facility in Miami, Florida that strictly and solely serves a local clientele. (*Declaration of Juliana Chala* ¶¶ 3, 8). Mayra's ALF #3 is a small business owned by Juliana Chala. (*Declaration of Juliana Chala* ¶ 1-3).

1. During all material times, Plaintiff was working as an attendant for Mayra's ALF #3. (*Declaration of Juliana Chala* ¶ 9).

2. Plaintiff did not perform any functions that require the conclusion that she was

3

engaged in interstate commerce. *Id.* ¶ 8.

3. Plaintiff acted as a care taker and companion to the residents of Mayra's ALF #3. *Id.* ¶ 9.

4. During all requisite time periods, the corporate Defendant's gross revenue was under $500,000 annually. (See Exhibit "A"); (*Declaration of Pablo Reyes, Certified Public Accountant* ¶ 5).

### III.   THE PLAINTIFF CANNOT ESTABLISH JURISDICTION UNDER THE FLSA FOR OVERTIME VIOLATIONS BECAUSE PLAINTIFF IS NOT INDIVIDUALLY COVERED, THERE IS NO ENTERPRISE COVERAGE, AND SINCE INDIVIDUAL LIABILITY IS DERIVATIVE, THE INDIVIDUAL DEFENDANT IS NOT LIABLE.

#### A. General Analysis

Section 207(a) of the FLSA provides, in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

Simply put, the FLSA requires an employer to pay overtime at a rate of one and one-half the employee's regular rate for all time worked over 40 hours in a week. These FLSA overtime provisions apply in two circumstances: (1) where an employee is engaged in commerce or the production of goods for commerce – individual coverage; or (2) where an employee works for an enterprise engaged in commerce or in the production of goods for commerce – enterprise coverage. *Ares v. Manuel Diaz Farms, Inc.,* 318 F. Supp. 2d 1282, 1292 n. 25 (M.D. Fla. 2005)

(citing *D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 121 (1946) and *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 90 (1942)).

Under the first type of FLSA coverage – "individual coverage" – an employee is entitled to time-and-a-half overtime pay as long as he or she is "engaged in commerce or in the production of goods for commerce." *See* 29 U.S.C. § 207. To determine whether an employee performed such work, a court must focus its inquiry on the activities of the employee and not on the business of the employer. *See Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959); *see also Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1267-68 (11th Cir. 2006). In *Thorne*, the Eleventh Circuit held that it was "the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce," and thus an employee must be "engaged in commerce," which means he must be "directly participating in the actual movement of persons or things in interstate commerce." *Thorne*, 448 F.3d at 1266. Further, in addition to the requirement that the individual must be directly participating in the actual movement of persons or things in interstate commerce, "[f]or an employee to be engaged in commerce, 'a substantial part of the employee's work must be related to interstate commerce." *Kitchings*, 393 F. Supp. 2d at 1293 n.26 (quoting *Boekemeir v. Fourth Universalist Soc'y in City of New York*, 86 F. Supp. 2d 280, 287 (S.D. N.Y. 2000) and (citing *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 572 (1943)).

Under the second type of FLSA coverage – "enterprise coverage" – an employee is entitled to time-and-a-half overtime pay if he or she is employed by "an enterprise engaged in commerce," as defined by § 203(s) of the statute. Section 203(s) of the FLSA provides in relevant part that an "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise that:

(A)(i) has employees engaged in commerce or the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

Thus, in order for an enterprise to be "engaged in commerce," for the purposes of enterprise coverage, a business must have annual gross volume of sales or business done in excess of $500,000. *See* U.S.C. § 203(s)(1)(A)(ii) (emphasis added).

The FLSA overtime provisions apply only to "employers." The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In analyzing the issue of what constitutes an "employer," courts look to the economic realities of the employment relationship, rather than relying on corporate titles or traditional common law agency principles. *See Dole v. Simpson*, 784 F. Supp. 538, 545 (S.D. Ind. 1991) (citing *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)). Generally speaking, any person may be considered an employer so long as he or she possesses sufficient control over the day-to-day operations of the enterprise. *Id.*

To resolve this Motion, the Court must therefore decide the following issues. The first is whether, reviewing the record in light most favorable to Plaintiff, the Plaintiff participated in the actual movement of persons or production of goods in interstate commerce, and whether that participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. The second is whether, reviewing the record in the light most favorable to Plaintiff, the corporate Defendant's annual gross volume of sales exceeded the minimum requirement under the FLSA ($500,000.00). Third, the Court must determine whether, reviewing the record in the light most favorable to Plaintiff, the individual Defendant Juliana

6

Chala is an "employer" as defined by the FLSA. And finally, as discussed below, whether the Plaintiff is a statutorily exempt employee for purposes of the FLSA.[1]

## B.    Individual Coverage

Plaintiff alleges that the overtime provisions of the FLSA apply in this case because her work for Defendants affected interstate commerce. *See Plaintiff's Complaint* ¶ 9 [D.E. 1]. (emphasis added). As to Plaintiff's claim that her work affected interstate commerce, it is well settled it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting interstate commerce. *See Thorne*, 448 F.3d at 1266 (citing *McCleod v. Threlkeld,* 319 U.S. 491, 497 (1943) (emphasis added). The Supreme Court decided long ago that the inquiry concerning individual coverage focuses "on the activities of the employee and not on the business of the employer." *Mitchell v. Lublin McGaughy & Assocs.*, 358 U.S. 207, 211 (1959).[2] The burden of proof lies on employees to establish that they were engaged in

---

[1]      Defendants further maintain and reassert, as previously set forth in their Motion to Dismiss, that Plaintiff herein has failed to timely file a written consent to her Complaint. Consequently, Plaintiff has failed to meet the statutory requirement for initiating an FLSA § 216(b) action. This action should therefore be dismissed for failure to comply with prevailing law mandating the filing of a written consent by the named plaintiff. *See, e.g., Lira, et al v. Arrow Air, Inc.*, Case No. 05-23273-CIV-LENARD (finding "that both named and opt-in plaintiffs must file a document indicating their consent to participate in a collective action under the FLSA.")

[2] Under individual coverage jurisprudence, "commerce" and "interstate commerce" are narrower terms of art than in other areas of Commerce Clause jurisprudence. As the Supreme Court has clarified, in enacting the FLSA, Congress did not intend to exercise the full extent of its constitutional regulatory powers, and clearly intended to exempt local businesses:

> [W]e cannot be unmindful that Congress in enacting this statute plainly indicated its purpose to leave local business to the protection of the states. [citations omitted] Moreover as we stated in *Kirschbaum Co. v. Walling* [citations omitted], Congress did not exercise in this Act the full scope of the commerce power.

> *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 571 (1943).

Further, because the FLSA manifests the "concern of Congress to avoid undue displacement of state regulation of activities of a dominantly local character . [t]he focus of coverage became 'commerce,' not in the broadest constitutional sense, but in the limited sense of Section 3(b) of [the FLSA, 29 U.S.C. §203(b)]: 'trade, commerce, transportation, transmission, or communication among the several States....'" *Marshall v. Whitehead*, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 315 (1960)). The corporate Defendant is a purely local, individual-owned assisted living facility with annual gross sales of less than $500,000.

interstate commerce, or in the production of goods for interstate commerce. *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 121 (1946); *Warren-Bradshaw Drilling Co. v. Hall,* 317 U.S. 88, 90 (1942).

It is clear from the facts of this case that the Plaintiff simply was not involved in any manner in the actual movement of persons or goods in interstate commerce, much less that the participation was sufficiently substantial as needed to support a finding of individual coverage under the FLSA. (Facts ¶¶ 2, 3, 4). The Plaintiff simply provided caretaker and companion services for the Defendants. Plaintiff did not transport patients across state lines, nor did she conduct business for Defendants out of State.

Moreover, any additional arguments Plaintiff may make about her activities rendering interstate commerce are unfounded and illusory. Plaintiff used goods purchased from within the State. Even if Plaintiff handled or operated goods purchased or assembled out of State, this activity does not provide credence to any argument Plaintiff may make concerning individual coverage. *Thorne* directly addressed and dispelled such arguments, determining that, "[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intrastate* movement of the goods are not covered under the [FLSA]." *Thorne,* 448 F.3d at 1267 (emphasis in the original). *See also Russell,* 430 F. Supp. 2d at 526 (granting motion to dismiss for lack of subject matter jurisdiction and citing *Thorne* for the proposition that there is no individual coverage for employees "who handle goods after an employer acquires the goods for local disposition"). Even before *Thorne,* other courts had reached the same conclusion. *Rivera v. Heights Landscaping, Inc.,* 2004 WL 434214 *4 (N.D. Ill. 2004) (holding that "'mere use, physical touching, or consumption of goods' that have

---

(Facts ¶ 4). This is exactly the sort of local business Congress, in enacting the FLSA, intended to leave to the regulation of the several states. *Jacksonville Paper Co.,* 317 U.S. at 571

traveled in interstate commerce, is not enough [to establish individual coverage]" and "Plaintiffs cannot establish individual coverage merely by showing that in the course of their work they used rakes, fertilizers, or other goods that originated out of state") (citing *Joles v. Johnson County Youth Serves Bureau, Inc.*, 885 F. Supp. 1169 (S.D. Ind. 1995)). Based on the foregoing, Plaintiff would not be able to meet her burden to establish individual coverage.

### C.   **Enterprise Coverage**

Under the FLSA, unless the enterprise has $500,000 or more in gross annual revenue, the enterprise is not subject to the Act. 29 U.S.C. § 203(s)(1)(A)(ii) (stating that only "an enterprise whose annual gross volume of sales made or business done is not less than $500,000" is subject to the Act's provisions). Review of income tax returns from the period of Plaintiff's employment is the accepted measure of revenues for purposes of considering enterprise coverage. *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) (granting motion to dismiss for lack of subject matter jurisdiction where affidavit and tax returns submitted by employer reflect gross sales volume less than $500,000, and refusing to permit discovery by employer reflect gross sales volume less than $500,000, and refusing to permit discovery on the issue); *Xelo v. Mavros*, 2005 WL 2385724, *2 (E.D. N.Y. 2005) (finding no enterprise coverage based on gross receipts reported in tax returns from the years where the plaintiff claimed unpaid overtime compensation); *Lamont v. Frank Soup Bowl, Inc.*, 2001 WL 521815 (S.D. N.Y. 2001) (holding same); *Lenca v. Laran Entrs., Inc.*, 388 F. Supp. 782, 784 (N.D. Ill. 1974) (granting motion to dismiss for lack of subject matter jurisdiction on affidavit from employer that its gross sales or business during the plaintiff's employment was less than $100,000).

In this case, the corporate Defendant's gross annual volume of sales for the past three calendar years, encompassing Plaintiff's alleged requisite employment period was: 2005: $71,011.00; 2006: $80,074.00; 2007: $89,506.00. (Exhibit "A"). As such, Defendant's gross income was well below the $500,000.00 gross volume threshold as required by the FLSA. This fact is important as set forth below.

Applying these principles to the corporate Defendant, summary judgment should be granted in favor of the Defendants, because the corporate Defendant's gross revenue did not exceed $500,000. (*Id*). Accordingly, summary judgment should be granted in favor of the Defendants because the corporate Defendant does not have the requisite amount of gross annual sales.

**D.      Juliana Chala's Individual "Employer" Liability**

Plaintiff names Juliana Chala as the individual defendant in this case. Under the FLSA, an individual corporate official can be considered an employer. Title 29 U.S.C. § 203(d) defines an "employer" as "any person acting directly or indirectly in the interest of the employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has routinely interpreted this phrase to mean that an employer must be involved in the day-to-day operations of the business, particularly with respect to the setting of wages in order to be an employer under the Act. *Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

As such and based on the foregoing arguments, to the extent that the Court should find that the corporate Defendant is not subject to suit, and since Ms. Chala's liability is only derivative to that of the corporate Defendant's, *Patel*, 803 F.2d at 637, Ms. Chala is entitled to summary judgment on that ground.

**IV.    THE PLAINTIFF CANNOT ESTABLISH JURISDICTION UNDER THE FLSA FOR MINIMUM WAGE OR OVERTIME VIOLATIONS BECAUSE PLAINTIFF IS A STATUTORILY EXEMPT EMPLOYEE.**

**A.    General Analysis**

Section 206(f) of the FLSA provides, in relevant part that "Any employee who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section." However, the FLSA goes onto state, in relevant part, that "The provisions of sections 206 and 207 of this title shall not apply with respect to.... any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)." 29 U.S.C. §213(a)(15).

The United States Supreme Court has found this exemption to include not only domestic workers employed in a private home, but also to "include those who are employed by an employer or agency other than the family or the household using their services." *See generally, Long Island Care at Home, Inc. v. Coke*, 127 S.Ct. 2339 (2007) (internal quotations omitted). In finding such, the Court looked at two regulations applicable to the above exemption. The first, codified at 29 C.F.R. §552.3 applies to domestic services defined as "services of a household nature performed by an employee in or about a private home... of the person by whom her or she is employed..." *Id.* at 2345. The second, codified at 29 C.F.R. §552.109(a) states that "exempt companionship workers include those who are employed by an employer or agency other than the family or household using their services..." *Id.* at 2346. Applying general conflict rules, the Court determined that §552.109(a) applied to issues of domestic workers employed by third parties and therefore was controlling with regards to questions of exemption. *Id.* at 2348-49.

Accordingly, applying the above, the Supreme Court ultimately found that a "domestic worker who provides companionship services to elderly and infirm men and women" and whom worked at an assisted living facility, *id.* at 2345, fell within the ambit of 29 U.S.C. §213(a)(15) and therefore was not subject to the overtime or minimum wage requirements of the FLSA. *See id.* at 2350-52.

### B.   Plaintiff, as an employee, is exempt from the FLSA

The Plaintiff at all relevant times worked as an attendant at Mayra's ALF #3. (Facts ¶ 1). As such, she provided caretaker and companionship services to the clients residing at Mayra's ALF #3. (Facts ¶ 3). Accordingly, as the Supreme Court has interpreted the exemption set forth in 29 U.S.C. §213(a)(15), Plaintiff is exempt from the minimum wage and overtime provisions of the FLSA as a domestic worker and therefore does not maintain the subject matter jurisdiction necessary to proceed with this cause of action. *See also Buckner v. Florida Rehabilitation Netowrk, Inc.*, 489 F.3d 1151, 1156 (11th Cir. 2007) (holding that "a domestic service employee, employed by a third party employer rather than directly by the family of the person receiving care, *is exempt from the overtime requirements of the FLSA*) (emphasis added).

### CONCLUSION

For the foregoing reasons, Plaintiff's Cause of Action should be dismissed with prejudice and summary judgment should be granted in favor of Defendants.

Dated this ⅃⅃ day of November, 2008

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
100 N. Biscayne Boulevard
Suite 2800
Miami, Florida 33132
Email: agp@rgpattorneys.com
Tel. (305) 416-5000
Fax: (305) 416-5005

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

## CERTIFICATE OF SERVICE

I hereby certify that on November ⅃⅃, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _____
Anthony M. Georges-Pierre, Esq.
Florida Bar Number: 0533637

**Jamie H. Zidell, Esq.**
300 71st Street
Suite 605
Miami Beach , FL 33141
305-865-6766
Fax: 865-7167
Email: ZABOGADO@AOL.COM

**Anthony M. Georges-Pierre, Esq.**
**REMER & GEORGES-PIERRE, PLLC**
100 N Biscayne Boulevard
Suite 2800
Miami , FL 33132
305-416-5000
Fax: 416-5005
Email: agp@rgpattorneys.com