UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 08-21829-CIV-COOKE/BANSTRA
CONSENT CASE

MARTHA SMITH,

     Plaintiff,

v.

MAYRA'S ALF #3, INC. and
JULIANA CHALA,

     Defendants.

_____/

## ORDER

THIS CAUSE came before the Court on Defendants' Motion for Summary Judgment (D.E. 38) filed on November 11, 2008. Having carefully reviewed the motion, the response and reply thereto, the court file and applicable law, and oral argument of counsel, it is hereby

ORDERED AND ADJUDGED that defendants' motion for summary judgment is DENIED. On June 25, 2008, plaintiff filed this action against defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§201, *et. seq.* Mayra's ALF #3 is a small, individually owned assisted living facility in Miami, Florida that has not grossed more than $500,000.00 per year. Plaintiff worked as a companion/attendant for defendants.

First, in evaluating the applicability of the Fair Labor Standards Act, the Court

must first determine whether enterprise jurisdiction exists under the facts of this case. The undersigned notes that a detailed evaluation of this issue is not required in that defendants, at oral argument, conceded that enterprise jurisdiction is present. Further, the undersigned finds that the facts of this case do support this conclusion in that the defendants are engaged "primarily in the care of the sick, aged, or the mentally ill or defective who reside on the premises of such institution..." *See* 29 U.S.C. §203(s)(1)(B). Therefore, the Court accepts this concession and finds that enterprise jurisdiction exists in this case. *See Marshall v. Sunshine Leisure, Inc.,* 496 F.Supp.354 (M.D. Fla. 1980).

Defendants argue, however, that they are not subject to the mandates of the Fair Labor Standards Act due to the applicability of the domestic services/companionship exemption. Plaintiff argues that this exemption is inapplicable since the services in question were not provided in a private home which she argues is a requirement of the exemption. The Fair Labor Standards Act ("FLSA") requires employers to pay their employees not less than one and one-half times the hourly rate for all hours worked over forty in a work week. 29 U.S.C. §207(a)(1). The FLSA exempts employers from the maximum hour requirements for "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves." 29 U.S.C. 213 (a)(15). The regulations define domestic service employment as "services of a household nature performed by an employee in or about a **private** home (permanent or temporary) of the person by whom he or she is employed." 29 C.F.R. §552.3 (emphasis added).

Defendants acknowledge in their motion that the case law that has interpreted this exemption does not support their assertion that the exemption should apply to the assisted living facility in question since it is not a private home. Yet, defendants urge this Court to find that the exemption applies since there has been no pronouncement by the Eleventh Circuit as to its interpretation of this section. After careful review of the case law interpreting this section, the undersigned finds that the section is clear as to its requirements. Further, the undersigned finds that the assisted living facility in question is not a private home. Accordingly, the exemption does not apply to the facts of this case.

The cases are clear that the courts are bound to construe the domestic services exemption narrowly "in light of the FLSA's broad remedial aims." *Johnston v. Volunteers of America, Inc.*, 213 F.3d 559 (10th Cir. 2000). Defendants bear the burden of proving that its employees fit "plainly and unmistakenly within the [exemption's] terms." *Id.* at 562. In construing the exemption narrowly, we are required to give deference to the regulations promulgated by the Department of Labor. All courts that have interpreted the meaning of the term "private home" have not found it to apply to the factual situation present in the instant case. *See e.g., Long Island Care At Home, Ltd. v. Coke,* 127 S.Ct. 2339 (June 11, 2007); *Buckner v. Florida Habilitation Network, Inc.,* 489 F.3d 1151(11th Cir. 2007); *Johnston,* 213 F. 3d at 561-564 (citing additional citations omitted herein). In the instant case, Myra's ALF #3 is a corporate, assisted living facility with six separate rooms for six, unrelated patients assigned to each room. Accordingly, the undersigned finds that the exemption is inapplicable under

the facts of this case and summary judgment is denied as to both defendants.[1]

DONE AND ORDERED in Miami, Florida this 5th day of January 2009.

Ted E. Bandstra
Chief United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
All Counsel of record

---

[1] The undersigned finds in light of the facts presented that Juliana Chala is also subject to the mandates of the Fair Labor Standards Act in that "both the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir 1986). The Eleventh Circuit made clear that "the overwhelming weight of authority is that a corporate officer with operational control of a corporations's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel,* 803 F.2d at 637-638. The facts submitted overwhelmingly establish defendant Chala's control over the corporation, its employees and the day to day operation which subjects her to the requirements of the Fair Labor Standards Act.